JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
SKYLER PEARSON
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
skyler.pearson@usdoj.gov

FILED
AUG 0 1 2024
U.S. MAGISTRATE JUDGE
BY_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAX JOEL NAVARRO CABALLERO,<br><br>Defendant. | **CRIMINAL COMPLAINT**<br><br>Case No. 2:24-MJ- 645 -MDC<br><br>VIOLATIONS:<br><br>Operating a Motor Vehicle while Under the Influence of Alcohol 36 C.F.R.§ 4.23(a)(1);<br><br>Operating a Motor Vehicle with a BAC of 0.08 Grams and Higher 36 C.F.R. § 4.23(a)(2); |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being first duly sworn, states:

### COUNT ONE
Operating a Motor Vehicle while Under the Influence of Alcohol
(36 C.F.R. § 4.23(a)(1))

On or about May 28, 2024, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**MAX JOEL NAVARRO CABALLERO,**

defendant herein, operated a black 2024 Ford Mustang bearing Nevada registration 8499A1, under the influence of alcohol to a degree that rendered the defendant incapable of safe operation, in violation of 36 C.F.R. § 4.23(a)(1).

COUNT TWO
Operating a Motor Vehicle with a BAC of 0.08 Grams and Higher
(36 C.F.R. § 4.23(a)(2))

On or about May 28, 2024, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**MAX J NAVARRO CABALLERO,**

defendant herein, operated a black 2024 Ford Mustang bearing Nevada registration 8499A1, with an alcohol concentration in the defendant's breath of 0.08 grams and more of alcohol per 210 liters of breath, in violation of 36 C.F.R. § 4.23(a)(2).

## **PROBABLE CAUSE AFFIDAVIT**

Your Complainant, Christopher J. Raynolds, as a Park Ranger with the National Park Services, states the following as and for probable cause:

1. I have been employed as a law enforcement officer with the National Park Service in the Lake Mead National Recreation Area, Clark County, Nevada, for over 20 years.

2. As part of my duties, I investigate criminal violations of law on federal land. Through my employment as a Ranger with the National Park Service, I have received specialized training in the enforcement of federal laws. My training and experiences have involved, among other things, the evaluation of roadside impairment, performing DUI investigations, and the administration of Field Sobriety Tests.

3. The following information used to support this Complaint was derived from reports of information obtained from investigations conducted by law enforcement related to the incident or my own personal investigation.

4. This Complaint contains information necessary to support probable cause to believe that the criminal offenses described herein were committed by the defendant,

2

1 **MAX JOEL NAVARRO CABALLERO**, and is not intended to include each and every
2 fact and matter observed or known by me. Moreover, to the extent that this Complaint
3 contains statements by witnesses, those statements are set forth only in part and in
4 substance and are intended to accurately convey the information, but not to be verbatim
5 recitations.

## FACTS ESTABLISHING PROBABLE CAUSE

7  5. On May 28, 2024, National Park Service Ranger Chevy Johnson was on routine patrol within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada.

10 6. At approximately 6:55 PM, Ranger Johnson received a report from National Park Service Ranger George Brecht of a drunk driver near the Hoover Dam. Bureau of Reclamation Security Response Force Officer Jamaal Kenebrew had observed a black Ford Mustang convertible bearing Nevada registration, being driven by a highly intoxicated Hispanic male with two Hispanic female passengers.

15 7. Ranger Johnson located the black 2024 Ford Mustang convertible bearing Nevada registration 8499A1 traveling southbound on SR172. The vehicle was operated by a Hispanic male adult and two Hispanic female passengers were in the vehicle.

18 8. Ranger Johnson conducted a traffic stop using his emergency lights and contacted the operator who was identified as **MAX JOEL NAVARRO CABALLERO** by his Georgia driver's license. An adult female identified as L.M. was in the front passenger seat and a juvenile female was in the back seat.

22 . . .
23 . . .
24 . . .

9. During this face-to-face contact with **NAVARRO CABALLERO**, Ranger Johnson noticed **NAVARRO CABALLERO**'s eyes were bloodshot. **NAVARRO CABALLERO** admitted to having a beer with his lunch.

10. The following are the results of the Standardized Field Sobriety Test administered to **NAVARRO CABALLERO** by Ranger Johnson:

   (a) Horizontal Gaze Nystagmus test: **NAVARRO CABALLERO**'s eyes lacked smooth pursuit and had the onset of nystagmus prior to 45 degrees. **NAVARRO CABALLERO**'s left eye had distinct and sustained nystagmus at maximum deviation.

   (b) Walk-and-Turn test: **NAVARRO CABALLERO** could not maintain his balance during the instruction phase, started too soon, stopped while walking, and took an incorrect number of steps.

   (c) One-Leg-Stand Test: **NAVARRO CABALLERO** did not have any observable clues.

   (d) Preliminary Breath Test / FC10 Plus: **NAVARRO CABALLERO** result of this test was .093 percent by weight of alcohol.

11. Based on Ranger Johnson's training and experience, **NAVARRO CABALLERO**'s physical and objective symptoms of intoxication and poor performance of Standardized Field Sobriety Tests, Ranger Johnson formed the opinion that **NAVARRO CABALLERO** had been operating a motor vehicle while under the influence of alcohol placed **NAVARRO CABALLERO** under arrest.

. . .

. . .

. . .

12. **NAVARRO CABALLERO** was transported to the Henderson Detention Center where Ranger Johnson administered an "Intoxilyzer 8000" breath test to him. **NAVARRO CABALLERO**'s results of the completed test were 0.081 grams (8:27 PM) and 0.082 grams (8:30 PM) of alcohol per 210 liters of breath respectively.

## CONCLUSION

13. Based upon the information set forth in this application, I respectfully submit that there is probable cause to believe that **MAX JOEL NAVARRO CABALLERO** violated 36 C.F.R. §§ 4.23(a)(1), and 4.23(a)(2).

_____
CHRIS RAYNOLDS,
Park Ranger
National Park Service

SUBSCRIBED and SWORN to before me this \_\_1st\_\_ day of August 2024.

_____
HONORABLE MAXIMILIANO D. COUVILLIER
UNITED STATES MAGISTRATE JUDGE

5